UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FLORENCE WRATTEN, | No. CV 11-00088-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issue:

Whether the Administrative Law Judge ("ALJ") properly found that

1  Plaintiff could perform other work in the national economy.  (JS at 3-
2  5.)
3       This Memorandum Opinion will constitute the Court's findings of
4  fact and conclusions of law.  After reviewing the matter, the Court
5  concludes that the decision of the Commissioner must be affirmed.
6
7                                 I
8            **THE ALJ PROPERLY FOUND THAT PLAINTIFF**
9                   **COULD PERFORM OTHER WORK**
10      Plaintiff contends that the ALJ's finding that she could perform
11 other work in the national economy was not supported by substantial
12 evidence because the ALJ erred in finding that she had transferable
13 skills without also showing that very little vocational adjustment was
14 required. (JS at 3-5.)
15      The ALJ found that Plaintiff was an individual of advanced age at
16 all times relevant to the decision and had the residual functional
17 capacity ("RFC") to perform light work as defined in 20 C.F.R.
18 §404.1567(b), except that she was limited to frequent climbing,
19 balancing, stooping, kneeling, crouching and crawling, and must avoid
20 all exposure to pulmonary irritants such as dusts, fumes, gases and
21 odors.  (AR 56, 60.)  Plaintiff does not dispute the correctness of
22 these findings.
23      At Plaintiff's administrative hearing (AR 7-42), the ALJ posed to
24 the vocational expert ("VE") hypothetical questions which included all
25 of Plaintiff's limitations.  (AR 37-38.)  In response, the VE stated
26 that an individual of Plaintiff's age, education, work experience and
27 RFC could not perform her past work as a general duty nurse. (AR 37-
28 38.)  Next, the ALJ asked if such an individual could perform other

work in the national economy. The VE responded,

> "Yes, Your Honor. An individual such as you have just described could perform two occupations based on transferable skills. This individual could perform the occupation medical assistant, DOT code 079362010. Light exertion, skilled, specific vocational preparation level six... . Another occupation to which an individual who had been a general duty nurse would have transferable skills is the occupation phlebotomist. This is DOT code 079364022. This work is light in exertion. It is semi-skilled with a specific vocational preparation level of three . . . .

(AR 38.) Based on this testimony, the ALJ found Plaintiff had acquired work skills from her past relevant work as a registered nurse and could perform other work in the national economy. (AR 60-61.) He concluded Plaintiff was not disabled. (AR 61-62.)

**A.  Applicable Law**.

For individuals capable of light work, "The presence of acquired skills that are readily transferable to a significant range of semi-skilled or skilled work within an individual's residual functional capacity would ordinarily warrant a finding of not disabled regardless of the adversity of age ... ." 20 C.F.R. §404, Subpart P, App. 2, §202.00(e).

In order to find individuals of advanced age (age 55 or over) not disabled, "they must have acquired skills from their past work that are transferable to skilled or semiskilled work." Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990); see also 20 C.F.R. §404.1568(d)(4).

3

To determine whether an individual of advanced age but less than 60 years old and capable of light work has acquired skills transferable to light work, the ALJ considers the degree of skill required, the similarity of tools and machines used, and the similarity of raw materials, products, processes and services involved. 20 C.F.R. §404.1568(d)(2), (4). To determine whether an individual closely approaching retirement age (age 60-64) and capable of light work has acquired skills transferable to light work, the ALJ must further find that the light work is so similar to past relevant work that very little, if any, vocational adjustment is necessary. 20 C.F.R. §§404.1568(d)(4); 404, Subpart P, App. 2, §202.00(f).

**B.   Analysis**.

Plaintiff contends that, for her skills to be transferable to other jobs, the ALJ was required to show that very little, if any, vocational adjustment is required pursuant to (1) 20 C.F.R. §404, Subpart P, App. 2, §202.00(f), and (2) Terry and Renner v. Heckler, 786 F.2d 1421 (9th Cir. 1986). (JS at 3-5.)

Plaintiff's contention fails because, first, 20 C.F.R. §404, Subpart P, App. 2, §§202.00(f) does not apply here. As noted above, subsection (e) of that regulation states that individuals capable of light work who have acquired transferable skills ordinarily are not disabled. 20 C.F.R. §404, Subpart P, App. 2, §202.00(e). Plaintiff contends that subsection (f) of the regulation requires the ALJ also to show very little, if any, vocational adjustment. (JS at 3-4.) Subsection (f) states,

> "For a finding of transferability of skills to light for individuals of advanced age who are closely approaching

4

retirement age (age 60 or older), there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry."

20 C.F.R. §404, Subpart P, App. 2, §§202.00(f); see also 20 C.F.R. §404.1568(d)(4). Subsection (f) clearly applies only to individuals of advanced age who are closely approaching retirement age (age 60 or older). 20 C.F.R. §404, Subpart P, App. 2, §§202.00(f); see also 20 C.F.R. §404.1568(d)(4). While Plaintiff is of advanced age (age 55 or older), she is not closely approaching retirement age (age 60 or older). 20 C.F.R. §404.1563(e). Contrary to Plaintiff's contention, subsection(f) does not apply here. Subsection (e) controls here and it does not require a showing of very little vocational adjustment. 20 C.F.R. §404, Subpart P, App. 2, §§202.00(e); see also 20 C.F.R. §404.1568(d)(4).

Second, Terry and Renner do not apply here. Terry and Renner both require a showing of very little, if any, vocational adjustment when the individual is limited to sedentary work. Terry, 903 F.2d at 1275; and Renner, 786 F.2d at 1423-24. Both of those cases relied on 20 C.F.R. §404, Subpart P, App. 2, §201.00(f), a regulation pertinent to individuals limited to sedentary work. Terry, 903 F.2d at 1275; and Renner, 786 F.2d at 1423. Here, Plaintiff was capable of more than sedentary work; she was capable of light work. As discussed above, the regulation concerning individuals of Plaintiff's age and capable of light work does not require a showing of very little vocational adjustment. 20 C.F.R. §404, Subpart P, App. 2, §§202.00(e),(f); see also 20 C.F.R. §404.1568(d)(4).

Finally, even if Plaintiff qualified for application of the factors identified in §201.00(f), the record demonstrates that her

ability to perform the jobs identified at Step Five would require "very little, if any, vocational adjustment." Indeed, in her previous occupation as a nurse, Plaintiff testified that she often did blood draws, which is what a phlebotomist does. (See AR at 17; 37-38; 129.)

Plaintiff's contention lacks merit.

For the foregoing reasons, the decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: September 14, 2011             /s/
                                      VICTOR B. KENTON
                                      UNITED STATES MAGISTRATE JUDGE